DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CASE NO. 1:09 CR 080 |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| Jerome R. McCaster, | ) | |
| | ) | |
| Defendant. | ) | |

Pending before the Court are Defendant Jerome R. McCaster's two separate Motions to Suppress (ECFs 10 and 11), which allege the following:

1. That Defendant's motor vehicle was improperly stopped under O.R.C. 4549.13;

2. That Officer Mazur's testimony was not credible because physical evidence of Defendants's marijuana use and possession was not produced by Plaintiff;

3. That the warrantless search of Defendant's car was without probable cause, violating the Fourth Amendment of the Constitution of the United States of America;

4. That the statements made by Defendant while in police custody, without counsel present, were made in response to police interrogation, and violated the standard set forth in *Miranda v. Arizona*, 384 U.S. 436 (1966).

Plaintiff United States of America opposes Defendant's Motions to Suppress. ECF 14.

For the reasons discussed *infra* Defendant's motions are denied.

(1:09 CR 080)

# I. BACKGROUND

On December 16, 2008, uniformed officers William Mazur and Jeff Yasenchak of the Cleveland Police Department were on patrol in Community Services Unit (CSU) #433, a black Ford Crown Victoria which was not marked in a distinctive manner.  CSU #433 was a police patrol unit responsible for addressing problematic issues in a particular police district, identified by citizen complaints processed through Cleveland City Hall and Cleveland City Council.  These problem issues varied, but generally consisted of targeting and addressing high drug trafficking areas and traffic violations.

At approximately 9:00 p.m. on this date, Officers Mazur and Yasenchak observed a Chevy Tahoe, driven by Defendant, with dark tinted windows and no license place illumination, both violations of the City of Cleveland Codified Ordinances.  Thereafter, Officer Mazur, who was driving the police car, activated the car's lights and sirens, neither of which were located on the top of the car.  After the Chevy Tahoe stopped, Officers Mazur and Yasenchak approached the Chevy Tahoe.  As Defendant rolled down his window, Officer Mazur detected the odor of burnt marijuana emanating from the interior of the vehicle.  Defendant and his passenger where then ordered to exit the car by the officers.

Thereafter, a search of Defendant's vehicle commenced and a cigar containing what appeared to be marijuana was discovered by the officers.  A search of the center console by the officers revealed a cavity which contained a loaded Ruger semi-automatic handgun; one bag of powder cocaine; and one bag of crack cocaine.

(1:09 CR 080)

Defendant and his passenger were then placed under arrest and were administered *Miranda* warnings. Defendant and his passenger did not offer any information during an initial interrogation by Officers Mazur and Yasenchak. However, Defendant later volunteered, without being interrogated, the following statement: " All the stuff in the car is mine. Joel had nothing to do with this." Defendant continued to repeat his statements claiming sole possession of the gun and drugs.

On January 5, 2009, McCaster appeared before Cleveland Municipal Court and was fined $25 for a seat belt violation stemming from the stop on December 16, 2008. The violations for Window Tint and License Plate Illumination were nolled.

## II. LAW AND ARGUMENT

**1. Defendant's first claim in support of his Motion to Suppress fails because Officers Mazur and Yasenchak, by virtue of their duties being performed, were not engaged in the "exclusive or main purpose of enforcing traffic laws." Therefore, Ohio Revised Code (O.R.C.) 4519.13 does not apply.**

Defendant contends that the stop of his Chevy Tahoe violated O.R.C. 4549.13, which provides:

> Any motor vehicle used by a member of the state highway patrol or by any other peace officer, while said officer is on duty *for the exclusive or main purpose of enforcing the motor vehicle or traffic laws* of this state, provided the offense is punishable as a misdemeanor, shall be marked in some distinctive manner or color and shall be equipped with, but need not necessarily have in operation at all times, at least one flashing, oscillating, or rotating colored light mounted outside on top of the vehicle. The superintendent of the state highway patrol shall specify what constitutes such a distinctive marking or color for the state highway patrol. (emphasis added)

"The phrase on duty exclusively or for the main purpose of enforcing motor vehicle or traffic laws...refers to the officer's main purpose for his whole period of duty

-3-

(1:09 CR 080)

and not to his duty during his apprehension and arrest of the suspect." *State v. Huth*, 493 N.E.2d 961, 963 (1986).  In *Huth*, the Court noted that the statute was not intended to inhibit all police officers, except those primarily on traffic duty, from arresting a person violating traffic or motor vehicle laws. *Id.*  In this case, the officer's vehicle had neither distinctive markings nor any light mounted on top of the vehicle.

Regardless, Defendant's argument that his vehicle was improperly stopped under O.R.C. 4549.13 fails because Officers Mazur and Yasenchak were not "on duty for the main purpose of enforcing the motor vehicle or traffic laws of this state."  As mentioned *supra*, Officers Mazur and Yasenchak were responsible for addressing problematic issues in a particular police district that generally consisted of targeting and addressing high drug trafficking areas and traffic violations.  Therefore, O.R.C. 4519.13 does not apply.

**2. Defendant's second claim in support of his Motion to Suppress fails because the Court finds Officer Mazur's testimony credible, even though physical evidence of Defendant's marijuana use or possession was not offered by the government.**

Courts after *Huth* have continuously upheld the competency of officers to testify against a defendant, where the officer was not "on duty exclusively or for the main purpose of enforcing...motor vehicle or traffic laws." *See State v. Lumpkin*, No. 06 CA 11, 2006 WL 2924760 (Ohio Ct. App. Oct. 13, 2006.); *City of Cleveland v. Floria*, 121 Ohio Misc.2d 118, 782 N.E.2d 1257 (2002); *State v. King*, No. 05-CO-14, 2006 WL 459264 (Ohio Ct. App. Feb. 27, 2006); *City of Akron v. Fitzgerald*, No. 22381, 2005 WL 1162962 (Ohio Ct. App. May 18, 2005); *State v. Stacknick*, No. 778202001, 201 WL 470057 (Ohio Ct. App. May 3, 2001.).

(1:09 CR 080)

The smell of marijuana coming from the inside of a motor vehicle is sufficient to establish probable cause which justifies the warrantless search of that vehicle. *United States v. Littleton*, No. 00-5689, 2001 WL 670066 (6th Cir. June 4, 2001); *United States v. Richardson*, No. 07-5106, 2008 WL 2967811 (6th Cir. Aug. 1, 2008); United States v. Ross, No. 06-4106, 2008 WL 4888993 (6th Cir. Nov. 12, 2008).

Defendant argues that Officer Mazur's testimony was not credible because physical evidence of Defendants's marijuana use and possession was not offered by the government. On December 16, 2008, as Defendant rolled down his window during the stop, Officer Mazur detected the odor of burnt marijuana emanating from the interior of the vehicle. During a search of Defendant's vehicle, Officers Mazur and Yasenchak discovered a cigar containing what they believed to be marijuana. Like *Littleton*, Officers Mazur and Yasenchak had probable cause to perform a warrantless search of Defendant's vehicle.

The Court finds credible Officer Mazur's unchallenged testimony that he detected an odor of marijuana emanating from the stopped vehicle. The fact that physical evidence of Defendant's marijuana use or possession was not offered by the government is not sufficient for the Court to doubt Officer Mazur's testimony. Therefore, Defendant's second claim in support of his motion fails.

(1:09 CR 080)

**3. Defendant's third claim in support of his Motion to Suppress fails because Officers Mazur and Yasenchak had probable cause to search Defendant's vehicle.**

A warrantless search of an automobile which has been lawfully stopped "is permissible if the search is based upon probable cause." *United States v. Littleton*, No. 00-5689, 2001 WL 670066 (6th Cir. June 4, 2001); United States v. Ross, No. 06-4106, 2008 WL 4888993 (6th Cir. Nov. 12, 2008).  Specifically, the smell of marijuana coming from the inside of a motor vehicle is sufficient to establish probable cause which justifies the warrantless search of that vehicle. *United States v. Littleton*, No. 00-5689, 2001 WL 670066 (6th Cir. June 4, 2001); *United States v. Richardson*, No. 07-5106, 2008 WL 2967811 (6th Cir. Aug. 1, 2008); United States v. Ross, No. 06-4106, 2008 WL 4888993 (6th Cir. Nov. 12, 2008).

Defendant argues that the search of his vehicle was invalid because it was performed without a warrant.  However, there are a number of legal exceptions that obviate the need for the issuance of a warrant to perform a search.  A well-established exception in this district and others is that automobiles can be searched without a warrant if the stop was lawful and the search is based upon probable cause.  *United States v. Ross*, 456 U.S. 798, 825 (1982); *United States v. Crotinger*, 928 F.2d 203, 205 (6th Cir. 1991).

On December 16, 2008, as Defendant rolled down his window during the stop, Officer Mazur detected the odor of burnt marijuana emanating from the interior of the vehicle.  Therefore, the search of defendant's vehicle was based upon probable cause and did not violate the Fourth Amendment to the Constitution.

(1:09 CR 080)

**4. Defendant's fourth claim in support of his Motion to Suppress fails because Defendant was administered *Miranda* warnings, waived the same and proceeded to make incriminating statements to Officers Mazur and Yasenchak voluntarily.**

"[T]he prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination." *Miranda v. Arizona*, 384 U.S. 436, 444 (1966). "Prior to any questioning, the person must be warned that he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney, either retained or appointed." *Id*. The legal standard for assessing whether *Miranda* was knowingly and intelligently waived is determining whether the "suspect knew that he could choose not to talk to law enforcement officers, to talk only with present counsel, or to discontinue talking at any time." *Garner v. Mitchell*, 557 F.3d 257, 261 (2008) citing *Colorado v. Spring*, 479 U.S. 564 (1987).

A search of the center console of Defendant's vehicle by the officers revealed a cavity which contained a loaded Ruger semi-automatic handgun; one bag of powder cocaine; and one bag of crack cocaine. Defendant and his passenger were then placed under arrest and were administered *Miranda* warnings. Defendant and his passenger did not offer any information during an initial interrogation by Officers Mazur and Yasenchak.

However, Defendant later volunteered, without being interrogated, the following statement: "All the stuff in the car is mine. Joel had nothing to do with this." Defendant

-7-

(1:09 CR 080)

continued to repeat his statements that the gun and drugs were his. Therefore, Defendant's fourth claim in support of his motion fails.

### III. CONCLUSION

Each of the four claims made by Defendant in support of his two separate Motions to Suppress fail. The Court denies Defendant's Motions to Suppress.

IT IS SO ORDERED.

| | |
|---|---|
| 06/24/09 | *s/ David D. Dowd, Jr.* |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |