DOWD, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| The United States of America, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | CASE NO. 1:09CR80 |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| Jerome McCaster, | ) | |
| | ) | |
| Defendant-Petitioner. | ) | |
| | ) | |

Before the Court is the motion of Jerome McCaster (McCaster or Petitioner) for relief pursuant to 28 U.S.C. §2255 (Document 71), the government's brief in opposition (Document 74), and McCaster's reply (Document 75). For the reasons discussed below, McCaster's motion is denied.

**I. Background**

A. Facts

On December 16, 2008, Cleveland Police stopped Jerome McCaster's Chevy Tahoe for having dark-tinted windows and no license plate illumination. Document No. 42 at pg. 2. Upon searching McCaster's vehicle, officers found 27.87 grams of powder cocaine, 3.26 grams of crack cocaine, a loaded handgun, and almost $4,000 in cash. Document No. 42 at pg. 2. After the police read McCaster his Miranda warnings, McCaster admitted to owning the drugs and the

gun.  Document No. 51 at pgs. 124, 141-142, 168.  A grand jury indicted McCaster on February 10, 2009.[1]

B. Trial

On July 6, 2009, McCaster proceeded to trial before a jury.  At trial, McCaster attempted to introduce the testimony of Detective Jerry McGilbra of the Warrensville Heights Police Department regarding an earlier arrest.  Document No. 49 at pg. 2.  In 2007, Detective McGilbra received an anonymous tip which alleged that there were drugs in McCaster's vehicle.  Id. McGilbra arrested McCaster upon finding what he believed to be drugs in McCaster's vehicle, but later released him after determining that McCaster was "set up" since drugs in his vehicle were fake.  Id. at 2-3. McCaster wanted use McGilbra's testimony about the 2007 arrest to show that the drugs found in his vehicle during his 2008 arrest was similarly the result of a "set up." Document No. 71 at pg. 22.   The Court, however, found McGilbra's testimony regarding the 2007 arrest irrelevant and excluded it because the drugs in McCaster's vehicle during his 2008 arrest were authentic.  Document No. 49 at pgs. 3-4.  A jury subsequently found McCaster guilty of three counts on July 7, 2009.  Document No. 31 at pgs. 1-3.

C. Sentencing

McCaster appeared for sentencing on October 13, 2009, where this Court found his sentencing guideline range to be 100 to 125 months, based on a total offense level 24, Criminal History Category VI.  Document No. 54 at pg. 8.  Before McCaster's sentencing hearing, counsel

---

[1] Count One alleged McCaster was in possession of crack cocaine with the intent to distribute, in violation of 21 U.S.C. §841(a)(1)(C). Document No. 71 at pg 2.  Count Two alleged McCaster was in possession of powder cocaine with the intent to distribute in violation of 21 U.S.C. §841(a)(1)(b)(1)(C). Document No. 71 at pg. 2.  Count Three alleged that McCaster was a felon in possession of a firearm, in violation of 18 U.S.C. §922(g)(1).  Document No. 71 at pg. 2.

moved this Court use a 1:1 ratio of crack cocaine to powder cocaine in determining McCaster's base level offense. Document No. 41 at pg. 1. This Court denied counsel's motion for a 1:1 ratio, finding that the 100:1 ratio was appropriate considering his extensive background of drug-related crimes. Document No. 42 at pg. 1.

At McCaster's sentencing hearing, the Court asked counsel whether he wished to move for a departure or variance, to which he responded with "[n]o, your honor, our motion was just based on the ratio." Document No. 54 at pg. 8. The Court then sentenced McCaster to 100 months of imprisonment on each of the three counts which were to be served concurrently.[2] Document No. 43 at pg. 2. The Court acknowledged that "arguably [the 100 month sentences] should be higher." Document No. 54 at pg. 22. The Court further elaborated that,

> "[t]his defendant has a lengthy criminal record involving the sale of drugs … It is apparent that the previous sentences imposed upon the defendant have failed to persuade him to find another way to earn money and support the three children whom he has fathered. Against the background as previously set forth herein, the Court finds that a sentence of 100 months is necessary to reflect the seriousness of the offenses, to promote respect for the law and provide just punishment for the offense."

Document No. 42 at pg. 6.

D. Appeal

McCaster appealed to the Sixth Circuit with newly appointed counsel. Document No. 45 at pg. 1. McCaster brought three arguments on appeal: that this Court erred by failing to suppress evidence procured through a search of McCaster's vehicle, that this Court failed to recognize its ability to vary from the United States Sentencing Guidelines, and that trial counsel

---

[2] This Court subsequently reduced McCaster's sentence with regard to Counts One and Two from 100 to 70 months on March 9, 2012. Document No. 67 at pg. 1. Such reduction was in accordance with the Fair Sentencing Act. Document No. 66 at pg. 1.

3

was ineffective for failing to seek a variance. Document No. 58 at pg. 1. Appellate counsel, however, did not raise the issue of whether this Court erred in excluding Detective McGilbra's testimony. Document No. 71 at pg. 22. On August 11, 2011, the Sixth Circuit affirmed Petitioner's conviction and sentence. Document No. 59 at pg. 1. The Sixth Circuit declined to address the issue of whether McCaster received ineffective assistance of counsel, holding that this claim is more appropriately raised in a post conviction motion under §2255. United States v. McCaster, 466 F.App'x 443, 449 (6th Cir. 2011).

## II. Petitioner's Motion

McCaster's §2255 motion claims that he received ineffective assistance of trial counsel and ineffective assistance of appellate counsel. McCaster asserts that trial counsel's failure to seek a departure or variance constituted ineffective assistance. He also argues that the reasons counsel did not seek a departure or variance constituted ineffective assistance. On appeal, McCaster argues that appellate counsel erred in failing to challenge the exclusion of Detective McGilbra's testimony at trial.

A. Ineffective Assistance of Trial Counsel

McCaster asserts that he received ineffective assistance of counsel at sentencing for trial counsel's failure to request a departure or variance when "prompted" to by the Court. Document No. 71 at pg. 5. McCaster claims that his attorney erred in failing to seek a downward departure or variance pursuant to U.S.S.G. §4A1.3(b)(1) for an over-represented criminal history. Id. at 8. He argues that his criminal history was over-represented because nine of his thirteen previous criminal history points were served as one concurrent prison sentence. Document No. 74 at pg. 8. McCaster brings this argument despite the fact that the nine points which made up the single

4

sentence consisted of three different crimes and were separated by time and intervening arrests. Document No. 74 at pgs. 6-7 (citing Pre-Sentence Report).

McCaster also claims he received ineffective assistance from trial counsel because counsel did not investigate McCaster's criminal background, and as a consequence, did not seek a departure or variance.  Document No. 71 at pg. 14.  McCaster contends that counsel did not seek a departure or variance either because counsel did not know McCaster's three prior sentences were served concurrently or because counsel was unaware of the fact that he could seek a departure based on over-representation of McCaster's criminal history.  Id.

B. Ineffective Assistance of Appellate Counsel

McCaster argues that appellate counsel provided ineffective assistance by failing to raise the issue of whether one of McCaster's witnesses, Detective McGilbra, should have been allowed to testify at trial.  Document No. 71 at pg. 22.  McCaster claims that the failure to challenge the exclusion of McGilbra's testimony on appeal constituted ineffective assistance of counsel because there was a reasonable probability he would have prevailed on appeal had this claim been raised.  Id.

**III. Law and Analysis**

A. Standard for Ineffective Assistance Claim

28 U.S.C. §2255 provides that "[i]f the court finds that . . . there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."  The petitioner, under §2255, bears the burden of showing that a defect of

constitutional magnitude has occurred which results in a miscarriage of justice. Griffin v. United States, 330 F.3d 733, 736 (6th Cir. 2003); Dossie v. United States, No. 5:07 CV 1696, 2008 WL 45378, at *2 (N.D. Ohio Jan. 2, 2008).

In the instant case, McCaster's §2255 claims for relief are based on ineffective assistance of counsel. To establish a claim for ineffective assistance of counsel, petitioner must show: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) the defendant was prejudiced by the attorney's error. Strickland v. Washington, 466 U.S. 668, 680 and 691-692 (1984); Evans v. Hudson, 575 F.3d 560, 564 (6th Cir. 2009).[3]

The petitioner bears the burden of establishing both prongs of the Strickland test. In regard to the performance prong, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Strickland, at 689 (citing Michel v. Louisiana, 350 U.S. 91, 101 (1955)); United States v. Pierce, 62 F.3d 818, 833 (6th Cir. 1995). In regard to the prejudice prong of the Strickland test, the burden is on the petitioner to affirmatively prove prejudice by establishing a reasonable probability that but for counsel's alleged poor performance, the result of the proceedings would have been different. Strickland, at 694. Petitioner must establish both Strickland prongs to prevail on a claim for ineffective assistance of counsel. United States v. Cox, 826 F.2d 1518, 1525 (6th Cir. 1987).

---

[3] Strickland further explains that "[j]udicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Strickland, at 689.

B. McCaster did not Receive Ineffective Assistance of Counsel at Sentencing

McCaster's first ground for §2255 relief is that defense counsel failed to seek a departure or variance at his sentencing hearing.  A defendant's constitutional right to effective assistance of counsel applies to all critical stages of the criminal process, such as sentencing hearings. McPhearson v. United States, 675 F.3d 553, 559 (6th Cir. 2012).  McPhearson also provides that an attorney's "failure to raise a viable argument that would reduce his client's sentence may constitute deficient performance." Id.  Further, a "[f]ailure to move for a sentencing decrease may constitute ineffective assistance of counsel."[4]  Garcia v. United States, No. 99-1134, 2000 WL 145358 at *1 (6th Cir. Feb. 2, 2000).

While a failure to raise a viable argument or to move for a sentencing decrease "may" constitute deficient performance, such failures are not automatically considered deficient performance.  The Sixth Circuit follows Strickland in providing substantial deference to an attorney's decision not to raise a meritorious argument, if the decision "might be considered sound trial strategy."  Hodge v. Hurley, 426 F.3d 368, 385 (6th Cir. 2005) (quoting Strickland, at 689).

U.S.S.G. §4A1.3(b)(1) provides that a downward departure is permissible "[i]f reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes."  In order to determine whether a defendant qualifies for a departure based on an over-representation of his criminal history, a court can examine the types of the

---

[4] In support of this proposition, Petitioner cites United States v. Breckenridge, 93 F.3d 132 (4th Cir. 1996) in his motion to vacate.  Petitioner, however, cites to Breckenridge as being a Sixth Circuit case whereas as the Court's own research shows that the Fourth Circuit decided Breckenridge.

defendant's prior convictions, the age of these convictions, and the signs of rehabilitation of the defendant. United States v. Orozco-Torres, 318 F.App'x. 328, 336 (6th Cir. 2008).

The court used these factors to determine whether the defendant, Orozco-Torres, who was charged with intent to distribute cocaine and other drug conspiracy charges, had an over-represented criminal history. Id. at 330. Orozco-Torres had seven prior convictions, which included drug possession and possession with the intent to distribute. Id. at 336. Further, Orozco-Torres committed these crimes between 1999 and 2002, a time period in which he was not incarcerated. Id. at 336. Based on an analysis of these factors, the court concluded that Orozco-Torres' criminal history was not over-represented and therefore, no downward departure was appropriate.

Like Orozco-Torres, McCaster's criminal history, when examined under these factors, did not warrant a downward departure. McCaster was convicted of numerous drug related charges before his current conviction and prison term. McCaster's three previous convictions, which he claims over-represents his criminal history, spanned from 2001 until 2003, similar to the time period during which Orozco-Torres committed his prior offenses. Document No. 74 at pgs. 6-7 (citing Pre-Sentence Report). Additionally, the entirety of McCaster's criminal history dates back to the mid-1990s. Document No. 74 at pg. 4 (citing Pre-Sentence Report). McCaster also committed the crimes in the instant case just five months after the early termination of his supervised release. Document No. 74 at pg. 8. In examining the Orozco-Torres factors, an objectively reasonable attorney would conclude that McCaster had no viable argument for a downward departure based on an over-representation of his criminal history.

Further, defense counsel is given substantial deference for the decision not to raise an argument, even a meritorious one, if it is part of trial strategy. Strickland, at 689. While counsel did not seek a departure or variance, he did attempt to lessen McCaster's prison time by moving for a 1:1 crack cocaine to powder cocaine ratio.[5] Such a motion was reasonable because other district courts had lowered the 100:1 ratio and because Congress was discussing an amendment to the ratio. Document No. 54 at pgs. 2-3. Given the plausibility of defense counsel's ratio argument to decrease McCaster's sentence, counsel may have withheld requesting a departure or variance in an effort to avoid bombarding the court with frivolous demands that could weaken the strength of his ratio argument.

Even if counsel's failure to request a departure or variance when prompted to by this Court constituted ineffective assistance, McCaster cannot establish that he was prejudiced by such failure. Under Strickland, McCaster has the burden of proving that, but for counsel's error, the result of the proceeding would have been different. Strickland, at 694. McCaster argues that prejudice is established in the instant case based on the Sixth Circuit's finding in McPhearson v. United States, 675 F.3d 553 (2012). McPhearson held that when a district court sentences a defendant to the low end of the guideline range, the appellate court can reasonably infer that the defendant may have received a lower sentence if the guideline range itself had been lower. Id. at 563. McCaster's reliance on McPhearson to establish this prong misses the point.

The Court's statements made regarding McCaster's sentencing do not indicate that the Court would have considered departing or varying from the 100 month sentences. To the

---

[5] At the time of McCaster's sentencing there was public discussion of amending the 100:1 crack cocaine to powder cocaine ratio.

9

contrary, at McCaster's sentencing hearing, the Court stated that "arguably [the sentences] should be higher." Document No. 54 at pg. 22. Further, the Court stated that,

> "[t]his defendant has a lengthy criminal record involving the sale of drugs … It is apparent that the previous sentences imposed upon the defendant have failed to persuade him to find another way to earn money and support the three children whom he has fathered . . . the Court finds that a sentence of 100 months is necessary to reflect the seriousness of the offenses, to promote respect for the law and provide just punishment for the offense."

Document No. 42 at pg. 6.

The Court additionally denied counsel's motion for a 1:1 ratio, which, if granted, would have shortened McCaster's sentence. Document No. 54 at pg. 6. Since the Court already displayed leniency in only sentencing McCaster to 100 months for each count and denied outright counsel's ratio motion to lower McCaster's sentence to lower the sentence, McCaster has not shown that there was a reasonable probability that if counsel would have sought a departure or variance that the Court would have granted one.

C. McCaster did not Receive Ineffective Assistance for Counsel's Purported Failure to Investigate his Criminal History

McCaster claims that counsel's failure to seek a departure or variance at sentencing resulted either from counsel's lack of knowledge that McCaster's three prior sentences were served concurrently in one prison term or that counsel was unaware he could seek a departure based on over-representation of a defendant's history. Document No. 71 at pg. 14. McCaster refuses to acknowledge that trial strategy, or any other factor, could have been the reason why counsel did not seek a variance or departure. Id.

McCaster's argument on these grounds is without merit. There are numerous reasons why counsel may not seek a departure or a variance other than the two reasons McCaster provides. As

stated above, defense counsel may have felt that imploring the Court for a departure or variance would undermine the strength of the argument for a reduced crack cocaine to powder cocaine ratio.

Counsel may have also thought that requesting a departure or variance based on over-representation was impractical. While McCaster did serve one concurrent prison term for three previous crimes, these crimes were separated by three different arrests and a total of fifteen months. Document No. 74 at pgs. 6-7. These three crimes do not indicate a one-night crime spree, but rather demonstrate a lengthy span of recidivism. When given substantial deference and a standard of objective reasonability, defense counsel's action to not seek a departure based on McCaster's criminal history was objectively reasonable and did not amount to ineffective assistance of counsel.

Even if McCaster could show that counsel's failure to seek a departure or variance resulted from a failure to investigate or know about a particular area of law, he cannot establish prejudice. As stated above, McCaster cannot establish that there is a reasonable probability that the Court would have granted a departure or variance based on McCaster's prior criminal history. Therefore, McCaster has failed to show that there was a reasonable probability that if counsel knew he could assert a departure or variance, that counsel would have asserted it and that it would be successful in decreasing McCaster's sentence.

D. McCaster did not Receive Ineffective Assistance of Counsel on Appeal

McCaster's final ground for §2255 relief is that appellate counsel failed to challenge the exclusion of Detective McGilbra's testimony on appeal. The Strickland two-part test also applies

11

to ineffective assistance of appellate counsel. Valentine v. United States, 488 F.3d 325, 338 (6th Cir. 2007); McFarland v. Yukins, 356 F.3d 688, 699 (6th Cir. 2004).

The Sixth Circuit, however, refines the Strickland test when applied in the appellate context. Under the first Strickland prong, the court must assess the strength of the claim appellate counsel failed to raise. Valentine, at 338. "Although appellate counsel has no obligation to raise every possible claim and the decision on which claims to raise is ordinarily entrusted to counsel's professional judgment, the failure of counsel to raise a meritorious issue can amount to constitutionally ineffective assistance." Henness v. Bagley, 644 F.3d 308, 317 (6th Cir. 2011) (citing McFarland, at 710). When examining the second Strickland prong, the court must determine if there is a reasonable probability that the defendant would have prevailed on appeal had the claim been raised. McFarland, at 700. Then the court can "consider whether the claim's merit was so compelling that appellate counsel's failure to raise it amounted to ineffective assistance of appellate counsel." Id.

Since this Court must assess the strength of the claim appellate counsel failed to raise, it must examine the strength of McCaster's claim that McGilbra's testimony was relevant to his trial. The factual differences between McCaster's 2007 "set up" and his 2008 arrest, combined with the appellate standard of review, demonstrate that McCaster's claim for ineffective assistance of counsel on appeal is weak.

The facts surrounding the tip that Detective McGilbra received in 2007 are radically different than those surrounding McCaster's 2008 arrest and subsequent convictions. In 2007 McGilbra responded to a tip that McCaster had drugs in his Chevy Tahoe. McGilbra arrested McCaster in 2007 but later released him since the drugs found in his vehicle were fake.

12

Document No. 49 at pg. 3. Following McCaster's arrest in 2008, however, the crack cocaine and powder cocaine were tested and found to be authentic. Document No. 49 at pg. 3. McCaster even admitted to the police that the drugs and gun belonged to him. Document No. 51 at pg. 124, 141-142, 168. These differences indicate that counsel's failure to raise this argument fell within the standard of objective reasonableness since McGilbra's testimony regarding McCaster's 2007 "set up" is completely irrelevant to McCaster's 2008 arrest.

The appellate standard of review for admission of evidence based on relevance is abuse of discretion. Morales v. Am. Honda Motor Co., Inc., 151 F.3d 500, 516 (6th Cir. 1998). This standard weakens McCaster's §2255 claim regarding the exclusion of McGilbra's testimony. At trial, this Court questioned counsel regarding the testimony at issue and stated reasons for excluding McGilbra's testimony. Document No. 49 at pgs. 2-4. Considering all the facts which distinguish McCaster's 2007 "set up" from his 2008 arrest, the Court was well within its discretion to exclude McGibra's testimony. Appellate counsel most certainly understood the standard of appellate review regarding the relevancy of evidence and was therefore not deficient for failing to bring this non-meritorious claim on appeal.

Even if counsel had raised the claim that McGilbra's testimony should have been admitted, it is not reasonably probable McCaster would have prevailed on appeal. If counsel had raised the claim on appeal McCaster would not have been successful for the same two reasons that counsel's performance was not deficient under the first prong: that the claim was non-meritorious based on the factual irrelevancy of McGilbra's testimony, and that this court did not abuse its discretion in finding McGilbra's testimony irrelevant.

## IV. Conclusion

McCaster is not entitled to relief under 28 U.S.C. §2255 since he has failed to meet his burden of demonstrating an error of constitutional magnitude which resulted in a complete miscarriage of justice due to ineffective assistance of counsel in Case No. 1:09CR80. Petitioner has not offered sufficient evidence to overcome the presumption of reasonable effective performance and to demonstrate that the performance of his counsel fell below the standard of reasonable effective assistance with respect to any of the grounds asserted in his § 2255 motion. Even if the performance of McCaster's attorneys fell below this standard, his motion fails to prove prejudice by demonstrating a reasonable probability that he would have reached a different decision regarding his sentencing and appeal. Since McCaster has failed to carry his burden with respect to both prongs of the Strickland test for ineffective assistance of counsel his motion for relief pursuant to 28 U.S.C. § 2255 is denied.

IT IS SO ORDERED.

| | |
|---|---|
| 06/18/2013 | s/ David D. Dowd, Jr. |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |